STATE OF MINNESOTA
HENNEPIN COUNTY DISTRICT COURT
FOURTH JUDICIAL DISTRICT

-----------------------------------

SERVICE INFORMATION

-----------------------------------

PAUL HANSMEIER,

   Plaintiff,

v.

David MacLaughlin
Benjamin Langer
Anders Folk
Davis Family Minnesota LLC
_____
_____
_____,

   Defendants.

Plaintiff Paul Hansmeier has initiated this action against Defendant **Davis Family Minnesota LLC** ("Defendant") by serving Defendant with a copy of the summons and complaint in this matter at the following address:

   704 N Main St. PO Box 69
   Le Seleur, MN 56058

*Via MN Secretary of State*

The above address is Defendant's **Registered Office**.
Please ensure that copies of all litigation documents are sent to this address or such other address that Defendant may provide in the future.

/s/ Paul Hansmeier
Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

REC'D / U.S. ATTORNEYS

STATE OF MINNESOTA
FOURTH JUDICIAL DISTRICT
HENNEPIN COUNTY DISTRICT COURT

PAUL HANSMEIER,
    Plaintiff,

v.

David MacLaughlin
Benjamin Langer
Anders Folk
Davis Family Minnesota LLC

    Defendant(s).

Case No.
SUMMONS

THIS SUMMONS IS DIRECTED TO: Anders Folk.

1. YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or may lose the case.

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____
Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

STATE OF MINNESOTA
HENNEPIN COUNTY DISTRICT COURT
FOURTH JUDICIAL DISTRICT

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

PAUL HANSMEIER,

   Plaintiff,

v.

David MacLaughlin
Benjamin Langer
Anders Folk
Davis Family Minnesota LLC

   Defendants.

---

PAUL HANSMEIER
20953-041 UNIT K3
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072

I. Introduction.

1. Plaintiff Paul Hansmeier is a member of the Access Network. The Access Network is a group of people who support the goals of ending discrimination on the basis of disability and providing stable employment to felons and people with disabilities, i.e., people who have historically been the last to be hired and the first to be fired.

2. Hansmeier seeks to aid and encourage people with disabilities to investigate Defendant Davis Family Minnesota LLC 's (the "Public Accommodation Defendant") premises for violations of the Americans With Disabilities Act's ("ADA") architectural requirements and to pursue petitioning activity to enforce the removal of any identified architectural barriers.

3. In the spirit of compromise that is both authorized and encouraged by the ADA, See 42 U.S.C. 12212, the Public Accommodation Defendant may moot this action and avoid the series of enforcement actions contemplated by this Complaint by entering into a Deferred Enforcement Agreement with the Access Network. More information regarding the Deferred Enforcement Agreement is available on Attachment A to this Complaint.

4. This action challenges the constitutionality of the federal mail fraud, wire fraud, and extortion statutes, 18 U.S.C. 1341, 1343 and 1951, respectively (the "Challenged Statutes"), federal statutes that prohibit and chill Hansmeier from aiding and encouraging petitioning activity to address the Public Accommodation Defendant's discrimination against people with disabilities.

5. The Public Accommodation Defendant owns real property at the street address of:
1300 Corporate Center Curve Eagan, MN

6. The Federal Defendants are authorized to enforce the Americans With Disabilities Act ("ADA") against the Public Accommodation Defendant, 42 U.S.C 12188(b), but ADA enforcement actions by the Federal Defendants are relatively rare and the Federal Defendants are thus unlikely to address the Public Accommodation Defendant's ongoing discrimination against people with disabilities.

7. Private enforcement has long been recognized as a crucial way to stop discrimination on the basis of disability and to vindicate the ADA. Private enforcement involves a person with a disability visiting a facility covered by the ADA, determining whether the facility is discriminating against them, and, if they experience discrimination, petitioning the courts for relief under the ADA. Private enforcement actions are often resolved through settlements, which involve a combination of an agreement by the business to stop the discrimination at issue and a monetary payment.

8. The federal mail and wire fraud statutes create liability when a person uses the mail or wires to execute a scheme to defraud. 18 U.S.C. 1341 and 1343. The federal extortion statute creates liability when a person obtains property from another, with his consent, via the wrongful use of actual or threatened force, violence or fear. 18 U.S.C. 1951. Federal prosecutors and civil defendants have interpreted the Challenged Statutes to make it a crime to bring private ADA enforcement actions in the manner described in paragraph 7, supra ("Private ADA Enforcement"). Private ADA Enforcement involving serial plaintiffs, i.e. plaintiffs who challenge discrimination on the basis of disability in a systematic manner, is at a particularly heightened risk of criminal prosecution due to the structural political unpopularity (i.e. one plaintiff versus many defendants) of such activity. As a result, Hansmeier risks criminal prosecution and civil liability under the Challenged Statutes for aiding and encouraging serial plaintiffs to engage in Private ADA Enforcement against the Public Accommodation Defendant ("Serial Private ADA Enforcement").

9. Defendants' criminalization of Serial Private ADA Enforcement is of real concern given the complexity of ADA litigation and the expense of hiring an attorney to provide representation. In recognition of the importance of legal representation in ADA actions, Congress authorized prevailing ADA plaintiffs to recover attorneys' fees. 42 U.S.C. 12205. Congress also recognized the importance of negotiated resolutions of ADA claims and included a section in the ADA which specifically encourages the use of compromises and settlements. 42 U.S.C. 12212. People with disabilities, for example, who cannot afford a lawyer will have difficulty obtaining representation if an attorney would violate the Challenged Statutes and thus engage in criminal activity by requesting a monetary recovery in a settlement demand---as an attorney would rely on that payment to be compensated for their services. As a result of Defendants' criminalization of Serial Private ADA Enforcement, many people with disabilities will, contrary to Congressional intent, be forced to proceed pro se in their ADA actions, will be unable to propose early resolution of

their claims and will thus have a much lower chance of achieving the independence in their daily lives that the ADA would otherwise deliver.

10. Hansmeier seeks to aid and encourage people with disabilities to engage in an investigation and petitioning activity to address the Public Accommodation's Defendant discrimination against people with disabilities. The people that Hansmeier aids and encourages will be serial litigants who will attempt to settle their claims via a settlement demand that consists of a demand that the Public Accommodation Defendant cease its discrimination and make a monetary payment. Hansmeier is limited and prohibited from doing so based on the Challenged Statutes' criminalization of private ADA enforcement actions.

11. Hansmeier's activities, which will include aiding and encouraging people with disabilities to engage in petitioning activity to address the Public Accommodation Defendant's discrimination against people with disabilities, constitutes speech, expressive activity and petitioning activity that is protected by the First Amendment. The overbroad and indeterminate nature of the Challenged Statutes' application to Serial Private ADA Enforcement prohibits and chills a range of speech, expressive activity and petitioning activity protected by the First Amendment, because it prevents and chills Hansmeier from aiding and encouraging robust ADA enforcement against the Public Accommodation Defendant.

12. As applied to Hansmeier's participation in Serial Private ADA Enforcement against the Public Accommodation Defendant, the Challenged Statutes also violate the Due Process Clause of the Fifth Amendment to the U.S. Constitution and allow Defendants to impermissibly interfere with powers delegated by the U.S. Constitution to the Legislative and Judicial branches of the federal government.

13. Hansmeier therefore brings this action to enjoin Defendants' enforcement of the Challenged Statutes as applied to him, as violating the First Amendment and the Due Process Clause of the Fifth Amendment to the U.S. Constitution and as impermissibly interfering with powers delegated to the Legislative and Judicial branches of the federal government.

II. Jurisdiction and Venue

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, as the claims in this matter arise under federal law. The United States has waived its sovereign immunity pursuant to 5 U.S.C. 702. The Court may award Hansmeier declaratory and injunctive relief pursuant to the Declaratory Judgment Act and this Court's inherent equitable jurisdiction.

15. Venue in this district is proper because Defendants have sufficient contacts to be subject to personal jurisdiction in this judicial district.

III. Parties

16. Defendants David MacLaughlin and Benjamin Langer are the line prosecutors assigned to Hansmeier's criminal case in United States v. Hansmeier, 16-cr-334 (D. Minn.).

17. Defendant Anders Folk is the acting United States Attorney for the District of Minnesota. Folk oversees the enforcement of federal criminal statutes in the District of Minnesota. As the head of the United States Attorneys' Office for the District of Minnesota, Folk supervises its officers and employees, including Messrs. MacLaughlin and Langer. Folk is sued in his official capacity.

18. The Public Accommodation owns the real estate on which a public accommodation operates, and is thus a public accommodation within the meaning of the ADA.

19-29. [Reserved]

IV. Facts

A. The Challenged Statutes.

30. The federal mail and wire fraud statutes, 18 U.S.C. 1341 and 1343, respectively, prohibit "any scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises...." using the mails or the wires. 18 U.S.C. 1341 and 1343.

31. A violation of the mail-wire fraud statutes carries a twenty year maximum prison sentence and a fine. 18 U.S.C. 1341 and 1343.

32. The language "scheme to defraud" is not defined by statute. In its litigation against Hansmeier, the Federal Defendants and civil defendants have interpreted the language as covering the conduct associated with Hansmeier's aiding and encouraging Serial Private ADA Enforcement against the Public Accommodation Defendant.

33. The federal extortion statute imposes criminal liability on "whoever in any way or degree obstructs, delays, or affects commerce or the movements ... by robbery or extortion...." 18 U.S.C. 1951(a).

34. "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, under color of official right." 18 U.S.C. 1951(b)(2).

35. A violation of the extortion statute carries a twenty year maximum prison sentence and a fine. 18 U.S.C. 1951(a).

36. The Federal Defendants and civil defendants in the very same position as the Public Accommodation Defendant have interpreted the term "extortion" as covering the conduct associated with Hansmeier's aiding and encouraging Serial Private ADA Enforcement against the Public Accommodation Defendant.

37. Hansmeier has a reasonable fear and belief that aiding and encouraging Serial Private ADA Enforcement against the Public Accommodation Defendant will subject him to criminal prosecution and civil liability under the Challenged Statutes. This is true because, among other reasons:

a. The Federal Defendants threatened Hansmeier with criminal prosecution for aiding and encouraging people with disabilities to use Serial Private ADA Enforcement to enforce the ADA. In other words, the Federal Defendants threatened Hansmeier with criminal prosecution for using the ADA enforcement strategy Hansmeier seeks to employ against the Public Accommodation Defendant;

b. The Federal Defendants described Hansmeier as a threat to public safety based on Hansmeier's aiding and encouraging people with disabilities to use the Serial Private ADA Enforcement to enforce the ADA;

c. The Federal Defendants used a cruel slur to refer to people with disabilities and those who assist them in enforcing their rights under the ADA.

d. Civil defendants sued for discriminating against people with disabilities have filed civil counterclaims in Hansmeier's past cases (and in similar cases handled by other Minnesota attorneys) in which the counterclaimants allege that Serial Private ADA Enforcement violates the Challenged Statutes.

B. Hansmeier's Course of Conduct

38. Hansmeier seeks to immediately and without further delay aid and encourage people with disabilities to enforce their rights against the Public Accommodation Defendant via the Serial Private ADA Enforcement method.

39. Hansmeier has experience at all stages of an ADA lawsuit, ranging from presuit investigation, to drafting the complaint, defeating motions to dismiss, participating in discovery, attending court ordered settlement conferences, succeeding at the summary judgment stage, winning at trial and prevailing on appeal. Based on this experience, Hansmeier has a deep

understanding of what separates a meritorious claim from a non-meritorious claim, and will constrain himself to aiding and encouraging only those claims that would be considered meritorious by the courts.

40. As a result of his notoriety, Hansmeier has met and been contacted by people with disabilities who are willing to endure the burden of litigation to address discrimination on the basis of disability.

41. Hansmeier's assistance and encouragement will include:

   a. Aiding and encouraging people with disabilities to enforce their rights under the ADA via the Serial Private ADA Enforcement method against the Public Accommodation Defendant;

   b. Assisting interested people with disabilities by referring them to service providers who can help them bring their claims and/or help the Public Accommodation Defendant voluntarily comply with the ADA; and

   c. Providing assistance to any service providers retained by the people Hansmeier aids and encourages.

42. Hansmeier's efforts will result in people with disabilities participating in Serial Private ADA Enforcement against the Public Accommodation Defendant. Hansmeier expects that some of the referrals mentioned above will referrals to friends or family members who are experienced in ADA compliance issues. Hansmeier's interest in these referrals will be known or disclosed to the people he refers.

43. Hansmeier is concerned that his aiding and encouraging described above will subject him to criminal prosecution under the Challenged Statutes. Hansmeier has already begun some of the activities that are part of the plan described above. Hansmeier seeks to continue his efforts because he believes it to be socially valuable and he wants to help out his friends and family.

44. Hansmeier does not wish to be exposed to criminal prosecution for aiding and encouraging Serial Private ADA Enforcement against the Public Accommodation Defendant or civil liability for the same.

C. Hansmeier's Injuries

45. Hansmeier seeks to immediately and without any further delay aid and encourage people with disabilities to engage in Serial Private ADA Enforcement against the Public Accommodation Defendant.

46. Hansmeier's efforts would, if carried out, violate the Challenged Statute as the Government Defendants and civil defendants have enforced the Challenged Statutes against Hansmeier in the past. The Government Defendants have threatened Hansmeier with criminal prosecution under the Challenged Statutes for engaging in ADA enforcement efforts that are the same in all material respects to the Serial Private ADA Enforcement against the Public Accommodation Defendant described above. Hansmeier's ADA enforcement efforts against the Public Accommodation Defendant would not be criminal or subject to criminal prosecution but for the Challenged Statutes.

47. Hansmeier is injured because he is placed in the position of either refraining from aiding and encouraging people with disabilities to engage in Serial Private ADA Enforcement against the Public Accommodation Defendant---which constitutes constitutionally-protected speech, expressive activity and petitioning activity, or conduct necessarily antecedent to such activity---or of exposing himself to the risk of prosecution ad civil liability under the Challenged Statutes. Refraining from engaging in this conduct constitutes self-censorship and a loss of Hansmeier's First Amendment rights.

48. As applied to Hansmeier's aiding and encouraging people with disabilities to enforce the ADA against the Public Accommodation Defendant via the Serial Private ADA Enforcement method, the Challenged Statutes chill Hansmeier's aiding and encouraging people with disabilities to petition the courts to address the Public Accommodation Defendant's ongoing discrimination against people with disabilities for the following reasons: 1) because Hansmeier is placed in reasonable fear of being prosecuted for engaging in the constitutionally-protected expressive activity of aiding and encouraging people with disabilities to petition the courts for relief via the Serial Private ADA Enforcement method, or 2) because Hansmeier must alter or modify his efforts in a manner that reduces the effectiveness of the Serial Private ADA Enforcement method, or 3) because Hansmeier must refrain from aiding and encouraging people with disabilities to use the Serial Private ADA Enforcement Method against the Public Accommodation Defendant to address its ongoing discrimination against people with disabilities to avoid the risk of criminal prosecution and civil liability under the Challenged Statutes.

- D. The Challenged Statutes Violate the First Amendment (As Applied)

49. The Challenged Statutes violate the First Amendment as applied to Hansmeier's aiding and encouraging people with disabilities to enforce the ADA against the Public Accommodation Defendant as described above. Hansmeier's efforts to do so will involve protected speech, expressive activity and petitioning activity which, according to Defendants, are rendered criminal by the Challenged Statutes. But such conduct enjoys First Amendment protection.

50. The freedom to petition the courts for relief and engage in the speech and engage in expressive conduct that is antecedent to petitioning is of paramount public importance and entitled to full protection under the First Amendment. Hansmeier should not be restricted from aiding and encouraging people with disabilities to use lawful tools and techniques to enforce the ADA simply because Defendants disapprove of those tools and techniques.

51. As applied to Hansmeier's efforts to aid and encourage people with disabilities to enforce the ADA against the Public Accommodation Defendant, the Challenged Statutes fail strict scrutiny. The Defendants, far from having a compelling interest in preventing Hansmeier's speech, expressive and petitioning activity, have an interest in ensuring the enforcement of anti-discrimination laws and in citizens availing the courts to resolve their disputes rather than resorting to self-help remedies.

52. The Defendants' interests in promoting ethical conduct in the courts is more adequately served by judicial oversight and the existing framework of rules and laws which govern litigation conduct.

E. The Challenged Statutes Are Vague, In Violation Of The Due Process Clause (As Applied)

53. As applied to Hansmeier's efforts to aid and encourage people with disabilities to enforce the ADA against the Public Accommodation Defendant in the manner described above, the Challenged Statutes are void for vagueness.

54. The Challenged Statutes fail to notify ordinary people that it is criminal to aid and encourage people with disabilities to engage in Serial Private ADA Enforcement against the Public Accommodation Defendant because the language of the statutes does not provide adequate notice that an individual must refrain from doing so.

55. The plain meaning of the phrases "scheme to defraud" and "wrong" does not clearly cover instances where Hansmeier aids and encourages people with disabilities to engage in Serial Private ADA Enforcement against the Public Accommodation.

56. As applied to Hansmeier's efforts to aid and encourage as described above, the Challenged Statutes chill speech, expressive activity and petitioning activity. Accordingly, the Due Process Clause requires a heightened degree of statutory specificity. The vagueness of the Challenged Statutes fails to give reasonable notice of what conduct is prohibited, invites arbitrary and discriminatory enforcement, and deters constitutionally-protected speech. As applied to Hansmeier's intended course of conduct, the Challenged Statutes thus violate the Due Process Clause.

F. Defendants' Use Of The Challenged Statutes To Criminalize Hansmeier's Aiding And Encouraging Serial Private ADA Enforcement Against the Public Accommodation Defendant Impermissibly Intrudes Upon Powers Delegated To The Legislative And Judicial Branches Of The Federal Government.

57. Congress exercised its legislative authority to authorize the ADA enforcement methods described above by passing the ADA.

58. The courts have exercised their judicial power to authorize the ADA enforcement methods described above by interpreting the ADA.

59. Defendants' criminalization of the ADA enforcement methods described above via the Challenged Statutes overrides the plain text of the ADA and judicial interpretations thereof and thus impermissibly intrudes upon the legislative and judicial powers.

V. First Cause of Action - First Amendment (As Applied)

60. Hansmeier re-alleges and incorporates by reference all allegations set forth above.

61. The Petition Clause of the First Amendment provides that "Congress shall make no law abridging the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. The Free Speech Clause of the First Amendment to the U.S. Constitution provides: "Congress shall make no law abridging the freedom of speech...."

62. Defendants' application of the Challenged Statutes to Hansmeier's course of conduct described above impermissibly interferes with and prohibits petitioning activity, speech and expressive activity.

63. Defendant's application of the Challenged Statutes to Hansmeier's course of conduct is not justified by a legitimate, compelling, or overriding government interest.

64. Defendant's application of the Challenged Statutes to Hansmeier's course of conduct is not narrowly tailored to achieve a legitimate, compelling, or overriding government interest.

65. As applied to Hansmeier's course of conduct described above, the Challenged Statutes violate the Petition and Speech Clauses of the First Amendment.

66. Defendants' violation causes ongoing and irreparable harm, as described above, to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

VI. Second Cause of Action - Void For Vagueness (As Applied)

67. Hansmeier re-alleges and reincorporates by reference all allegations set forth above.

68. The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that: "No person shall ... be deprived of life, liberty or property without due process of law.

69. The Challenged Statutes, as applied to Hansmeier's course of conduct described above, are unconstitutionally vague as they fail to define a criminal offense in a manner definite enough to notify an ordinary person what conduct is prohibited and/or encourage arbitrary and discriminatory enforcement.

70. The vagueness of the Challenged Statutes, as applied to Hansmeier's course of conduct, chills and deters speech, expressive activity and petitioning activity protected by the First Amendment.

71. As applied to Hansmeier's course of conduct described above, the Challenged Statutes violate the Due Process Clause of the Fifth Amendment. Defendants' violation causes ongoing and irreparable harm, as described above, to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

VII. Third Cause of Action - Separation of Powers (As Applied)

72. Hansmeier re-alleges and reincorporates by reference all allegations set forth above.

73. Article I Section 1 of the U.S. Constitution vests the legislative power in Congress. The legislative power is the power to make the law. Congress exercised this power by creating the Americans With Disabilities Act.

74. Article III Section 1 of the U.S. Constitution vests the judicial power in the Supreme Court and the lower courts created by Congress. The judicial power is the power to say what the law is. The judiciary has exercised this power by interpreting the Americans With Disabilities Act.

75. Defendants are using the Challenged Statutes to impose limitations on Hansmeier's aiding and encouraging people with disabilities to enforce the ADA against the Public Accommodation Defendant that conflict with the plain text of the Americans With Disabilities Act and judicial interpretations of the Americans With Disabilities Act.

76. Defendants' use of the Challenged Statutes in this manner unconstitutionally intrudes upon Congress's power to make make the law and the judiciary's power to interpret the law.

77. Defendants' violation causes ongoing and irreparable harm, as described above, to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

PRAYER FOR RELIEF

Hansmeier respectfully requests a judgment:

1. Declaring that the Challenged Statutes as applied to Hansmeier's plan to aid and encourage people with disabilities to enforce their rights under the Americans With Disabilities Act via the Private Serial ADA Enforcement method against the Public Accommodation Defendant violates:

a. the Petition Clause of the First Amendment to the U.S. Constitution;
b. the Free Speech Clause of the First Amendment to the U.S. Constitution;
c. the Due Process Clause of the Fifth Amendment to the U.S. Constitution; and
d. impermissibly interferes with the legislative and judicial powers;

2. Permanently enjoining the Defendants, as well as their officers, agents, employees, attorneys, and all other persons in active concert or participation with them, from enforcing or threatening to enforce the Challenged Statutes against Hansmeier based on Hansmeier's to aiding and encouraging people with disabilities to enforce their rights under the ADA against the Public Accommodation Defendant;

3. Awarding Hansmeier's attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. 2142; and

4. Awarding such other and further relief as this Court deems just and proper.

Date: April 15, 2021

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

DEFERRED ENFORCEMENT AGREEMENT SUMMARY

The Access Network offers a Deferred Enforcement Agreement to those defendants that are willing to voluntarily address their violations of the Americans With Disabilities Act ("ADA"). Under our Deferred Enforcement Agreement, we will notify you of any ADA issues we encounter at your premises via a report. We ask you to work in good faith to address reported violations. The Deferred Enforcement Agreement will allow you to address ADA issues voluntarily instead of being forced to do so via an enforcement action.

To contact us about a Deferred Enforcement Agreement, please e-mail us at: accessnetwork041@gmail.com

We will forward your request to our legal counsel, who will be in contact with you.