UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1538 (___/___)

PAUL HANSMEIER,

        Plaintiff,                       **MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES**

DAVID MACLAUGHLIN, BENJAMIN
LANGER, ANDERS FOLK; and
DAVIS FAMILY MINNESOTA LLC,

        Defendants.

## Introduction

Defendants David MacLaughlin, Benjamin Langner, and W. Anders Folk ("Federal Defendants"), sued in their official capacities, hereby move the Court pursuant to Federal Rule of Procedure 42(a) to consolidate this matter, *Hansmeier v. MacLaughlin, et al.*, No. 21-CV-1538 (___/___), with the prior-filed and previously consolidated cases of *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155 (D. Minn.) (JRT/LIB) ("*Hansmeier I*"), *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156 (D. Minn.) (JRT/LIB) ("*Hansmeier II*"), and *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-748 (D. Minn.) (JRT/LIB) ("*Hansmeier III*"). The Federal Defendants' motions to consolidate additional matters, including *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-1167 (D. Minn.) (JRT/LIB) ("*Hansmeier IV*"), and *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-1426 (D. Minn.) (JRT/LIB) ("*Hansmeier V*"), remain pending, and *Hansmeier IV* and *Hansmeier V* have been identified as related cases.

The Court should consolidate this matter with the prior-filed and previously consolidated and related cases, and it should allow all legally and factually related cases initiated by Hansmeier removed to federal district court to proceed before and be managed by Chief Judge Tunheim.

## Argument

*Pro se* plaintiff Paul Hansmeier commenced an action against the Federal Defendants, who received a copy of the Complaint on or about June 1, 2021. Hansmeier appeared to plead claims against the Federal Defendants, as well as Davis Family Minnesota LLC, in a complaint dated April 15, 2021; those claims were removed and constitute the complaint in *Hansmeier v. MacLaughlin, et al.*, 21-CV-1538 (___/___), (filed July 1, 2021) ("*Hansmeier VII*"). Hansmeier has previously alleged related claims in multiple cases that have been removed and consolidated or deemed related. *See* Order to Consolidate Cases, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155, Dkt. 24 (D. Minn. Dec. 8, 2020) (consolidating *Hansmeier I* and *Hansmeier II*); Order to Consolidate Cases, *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-748, Dkt. 14 (D. Minn. Apr. 19, 2021) (JRT/LIB) (consolidating *Hansmeier III* with *Hansmeier I* and *Hansmeier II*); Order of Direction to the Clerk of Court for Reassignment of Related Case, *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-1167, Dkt. 14 (D. Minn. May 20, 2021) (reassigning "related" case); Order for Reassignment of Related Case, *Hansmeier v. MacLaughlin, et al.*, No. 21-cv-1426, Dkt. 15 (D. Minn. June 30, 2021) (reassigning "related" case).

Under Rule 42(a)(2), a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate where the

2

actions involve "common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself [does] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H&R Block, Inc., et al.*, 580 F.3d 755, 768 (8th Cir. 2009). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). The court considers "judicial efficiency as well as preventing unnecessary duplication of efforts and expense by the parties" in considering consolidation. *Adedipe v. U.S. Bank, Nat'l Assoc., et al.*, Nos. 13-cv-2687, 13-cv-2944, 2014 WL 835174, *2 (D. Minn. Mar. 4, 2014).

Here, such factors support consolidation. Hansmeier's claims in these matters exhibit substantial legal and factual overlap. All complaints seek declaratory judgments that the mail fraud, wire fraud, and extortion statutes (18 U.S.C. §§ 1341, 1343, 1951) are unconstitutional, and all complaints seek injunctive relief to prevent the Federal Defendants from enforcing these statutes against Hansmeier. Consolidation would serve the interests of judicial economy, diminish confusion, and prevent duplicative briefing in these legally and factually related matters.

## Conclusion

For the foregoing reasons, this matter should be consolidated with *Hansmeier I*, Hansmeier *II*, and *Hansmeier III* (and *Hansmeier IV* and *Hansmeier V*), as well as the other cases in which motions to consolidate have been filed, and all such cases should proceed before and be managed by Chief Judge Tunheim.

                                                    Respectfully submitted,

Dated: July 1, 2021                      W. ANDERS FOLK
                                                    Acting United States Attorney

                                                    *s/ Kristen E. Rau*

                                                    BY: KRISTEN E. RAU
                                                    Assistant United States Attorney
                                                    Attorney ID No. 0397907
                                                    600 United States Courthouse
                                                    300 South Fourth Street
                                                    Minneapolis, MN 55415
                                                    Phone: 612-759-3180
                                                    Email: Kristen.Rau@usdoj.gov